The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:00 PM June 3, 2021**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| MAIN STREET TOURS, INC., | : | CASE NO. 20-61498 |
| | : | |
| Debtor. | : | JUDGE RUSS KENDIG |
| | : | |
| | : | **MEMORANDUM OF OPINION** |
| | : | **(NOT FOR PUBLICATION)** |
| | : | |

  Pending before the court is Trustee's Motion for an Order: (1) to Compel Debtor to File Amended Schedules to Add New Unsecured Creditors; and (2) for Court to Extend Deadline for Newly Added Unsecured Creditors to File Claims (the "Motion"), filed March 10, 2021. Debtor responded to the Motion on March 12, 2021. A hearing was held on April 5, 2021. The parties filed Stipulations Concerning the Motion to Compel (the "Stipulations") on April 19, 2021. For the reasons set forth below, the Motion is granted.

  The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This matter is a core proceeding in which the court has statutory authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(A) and (O). And because the matter "stems from the bankruptcy itself," the court also has constitutional authority to enter final orders and judgments. Stern v. Marshall, 564 U.S. 462, 499 (2011). Pursuant to 28 U.S.C. § 1408, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The facts are not disputed. Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on October 6, 2020. The deadline to file proofs of claim for general unsecured claims was March 11, 2021.

Debtor was engaged in the business of developing, managing, and arranging tours for schools, school districts, and students. (Stipulations at 1, ECF No. 28.) As part of the business, Debtor required contracting parties to pay advance deposits for tours. (Id.) Debtor shows these deposits as "Prepayments" for various schools on Schedule E/F. (Id.) Debtor entered into contracts with the school districts for tours. (Id.)

All of the school districts listed on Debtor's Schedule E/F made their required prepayments directly to Debtor, with the exception of the North Canton City School District ("Hoover High School"). (Id. at 1-2.) Hoover High School directed the parents (the "Parents") of the students to make payments directly to Debtor for tours for their children scheduled for 2020. (Id. at 2.) In total, 107 Parents made such payments, which totaled $57,703, to Debtor. (Id.) Debtor accepted these payments. (Id.)

## DISCUSSION

In the Motion, Trustee argues that the Parents who paid deposits for tours (i.e. the prepayments) are Debtor's creditors and should be added to Schedule E/F. (Motion at 1, ECF No. 24.) Trustee also argues that the deadline to file proofs of claim should be extended to give the Parents additional time to file claims. (Id. at 1-2.) Debtor contends that the Parents may not be separate creditors because the contract was with Hoover High School and the invoices were directed to the school district. (Response at 1-2, ECF No. 25.) If the Parents are creditors, Debtor agrees with Trustee that the proofs of claim bar date should be extended. (Id. at 2.)

Rule 1009(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that "[o]n motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court." Fed. R. Bankr. P. 1009(a). The use of the word "may" in Rule 1009(a) indicates that the decision whether to order an amendment is subject to the court's discretion. See United States v. Rodgers, 461 U.S. 677, 706 (1983). There is no dispute that Trustee qualifies as a "party in interest" for purposes of Rule 1009(a). See 11 U.S.C. § 323(a); see also 11 U.S.C. § 704.

The main issue in this case is whether the Parents are Debtor's creditors. If so, then they must be added to Schedule E/F. See Instructions, Official Form 206E/F (Dec. 2015). As explained further below, the court agrees with Trustee that the Parents are Debtor's Creditors. Thus, the court grants Trustee's request to compel Debtor to amend Schedule E/F. The court also grants Trustee's request to extend the unsecured proofs of claim deadline.

2

## I. The Parents Are Debtors' Creditors

Section 101(10) of the Bankruptcy Code defines a "creditor" as, among other things, an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" 11 U.S.C. § 101(10). The term "claim" is defined in relevant part as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A). "The plain meaning of a 'right to payment' is nothing more nor less than an enforceable obligation . . . ." Pa. Dep't of Public Welfare v. Davenport, 495 U.S. 552, 559 (1990); Johnson v. Home State Bank, 501 U.S. 78, 83 (1991). State law determines the substance of an entity's claim. See Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000) (citing Butner v. United States, 440 U.S. 48, 57 (1979)).

Ohio contract law provides the answer in this case. In Ohio, only a party to a contract or an "intended third-party beneficiary" of such agreement may bring an action to enforce a contract. Trinova Corp. v. Pilkington Bros., 638 N.E.2d 572, 575, 577 (Ohio 1994). The Supreme Court of Ohio has adopted Section 302 of the Restatement (Second) of the Law of Contracts with respect to third-party beneficiaries. Hill v. Sonitrol of Southwestern Ohio, Inc., 521 N.E.2d 780, 784 (Ohio 1988). That section provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> > (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> >
> > (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (Am. L. Inst. 1981).

Under the "intent to benefit" test adopted by the Supreme Court of Ohio, "there must be evidence, on the part of the promisee, that he intended to directly benefit a third party, and not simply that some incidental benefit was conferred on an unrelated party by the promisee's actions under the contract." Trinova, 638 N.E.2d at 577. In addition, "[t]here must be evidence that the promisee assumed a duty to the third party." Id. (citing Norfolk & W. Ry. Co. v. United States, 641 F.2d 1201, 1208 (6th Cir. 1980)).

3

In general, courts "presume that a contract's intent resides in the language the parties chose to use in the agreement." Huff v. FirstEnergy Corp., 957 N.E.2d 3, 7 (Ohio 2011) (citing Shifrin v. Forest City Ents., Inc., 597 N.E.2d 499, 501 (Ohio 1992)). "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." Huff, 957 N.E.2d at 7 (internal quotation marks and citation omitted). "Ohio law thus requires that for a third party to be an intended beneficiary under a contract, there must be evidence that the contract was intended to directly benefit that third party. Generally, the parties' intention to benefit a third party will be found in the language of the agreement." Id. "Although the third-party for whose benefit the contract is made need not be identified in the contract, the third-party must have contemplated by the parties at the time of contracting." Gentile v. Ristas, 828 N.E.2d 1021, 1039 (Ohio Ct. App. 2005) (citing Hines v. Amole, 448 N.E.2d 473, 479 (Ohio Ct. App. 1982)).

In the instant case, Debtor's contract (the "Contract") with Hoover High School was for a tour scheduled from March 17 to March 20, 2020. (Ex. A to Stipulations at 1, ECF No. 28-1.) According to the Contract, the tour included, among other things, a "Monticello tour, Colonial Williamsburg tour/performance, Ghost tour, Jamestown Settlement tour, [and] Yorktown Battlefield tour . . . ." (Id.) The tour also included three nights lodging and seven meals. (Id.) The cost per student is listed at $550. (Id.) The first non-refundable deposit of $150 was due on September 1, 2019, the second non-refundable deposit of $150 was due on December 1, 2019, and the balance was due on February 1, 2020. (Id.) The cost per adult is listed at $700 with the same payment schedule. (Id.)

The Contract does not identify the names of the tour attendees. Nor is it clear from the Contract how many people were planning on attending the tour. Additionally, the Contract is silent as to the manner and method of payments. According to a letter from Hoover High School to the Parents that the parties attached to the Stipulations, the trip was optional, and it was to be attended by students involved with the Hoover High School Choir. (Ex. C to Stipulations at 1, ECF No. 28-3.) Debtor sent invoices to Hoover High School for the payments. (Ex. B to Stipulations at 1-4, ECF No. 28-2.) However, unlike other school districts, Hoover High School directed the Parents to pay Debtor directly. (Stipulations at 2.) A total of 107 Parents paid Debtor a total of $57,703, and Debtor accepted these payments. (Id.)

Although the Parents are not a party to the Contract, the circumstances indicate that they are intended third-party beneficiaries. The Contract between Debtor and Hoover High School was for a tour that was going to provide an educational benefit to the Parents' children. In Ohio, parents have a legal duty to provide necessary support, including education, for their minor children. See Cleveland Cent. Catholic High Sch. v. Mills, 125 N.E.3d 328, 337 (Ohio Ct. App. 2018) (citing Ohio Rev. Code § 3103.03(A)). The fact that Hoover High School instructed the Parents to pay Debtor directly for the tour and Debtor accepted these payments indicates that the Parents are intended third-party beneficiaries of the Contract. As such, the Parents are Debtor's creditors and must be added to Debtor's Schedule E/F.

## II. Extension of the Deadline to File Unsecured Proofs of Claim

The deadline to file unsecured proofs of claim in this case expired on March 11, 2021. In order to give the Parents additional time to file claims, Trustee asks the court to extend the deadline pursuant to Rule 3002(c)(6)(A) of the Federal Rules of Bankruptcy Procedure. Debtor agrees with Trustee that the proofs of claim bar date should be extended if the Parents are Debtor's creditors.

Rule 2002(a)(7) provides that creditors are entitled to at least 21 days' notice of the proofs of claim bar date. Fed. R. Bankr. P. 2002(a)(7). Rule 3002(c)(6)(A) allows for the extension of the proofs of claim bar date if "the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)[.]" Fed. R. Bankr. P. 3002(c)(6)(A). Rule 1007(a)(1) requires the debtor to file with the petition "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). "Fair or adequate notice has two basic elements: content and delivery." Fogel v. Zell, 221 F.3d 955, 962 (7th Cir. 2000). If notice is not received, then the notice is "inadequate unless the means chosen to deliver it was reasonable." Id. at 963 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 319 (1950)).

Here, Debtor timely filed the list of creditors' names and addresses required by Rule 1007(a) (i.e. the creditor matrix) but omitted the Parents. Initially, the 341 Notice indicated that there was no property available to pay creditors and thus no need to file for creditors to file proofs of claim. (ECF No. 4.) However, on December 1, 2020, Trustee filed a request for the Clerk to issue notice to creditors to file claims due to the availability of assets. (ECF No. 12.) The next day, the Clerk issued a notice to all creditors and parties in interest of the availability of assets and the March 11, 2021 deadline to file claims. (ECF No. 14.) But because the Parents were not included on Debtor's creditor matrix, they did not receive notice of the proofs of claim bar date. (See ECF No. 16.)

Some courts have taken a plain meaning approach to Rule 3002(c)(6)(A), and only allow for an extension of the proofs of claim bar date if a creditor's insufficient notice is due to the debtor's failure to timely file the creditor matrix. See, e.g., Brenner's Restoration, Inc. v. Somerville (In re Somerville), 605 B.R. 700, 707 (Bankr. D. Md. 2019) (denying creditor's request to extend time to file proof of claim because the creditor matrix was timely filed). Other courts, reading Rule 3002(c)(6)(A) more expansively, have extended the proofs of claim bar date when a creditor did not receive notice due to their omission from a timely filed creditor matrix. See, e.g., In re Vanderpol, 606 B.R. 425, 432 (Bankr. D. Colo. 2019). In Vanderpol, the court reasoned that reading Rule 3002(c)(6)(A) narrowly to only allow an extension if a debtor fails to timely file the creditor matrix would render the rule superfluous. The court explained that 11 U.S.C. § 521(i)(1) would mandate the dismissal of a case due to the untimely filing of a creditor matrix long before any creditor would face a bar against an untimely proof of claim.

This court is persuaded by the Vanderpol decision. The expansive reading of Rule 3002(c)(6)(A) supports its purpose, which is to "provide the Court with discretion when a

5

creditor's due process rights have been abridged . . . ." Vanderpol, 606 B.R. at 432. Furthermore, courts should construe statutes and rules such that they are *not* rendered superfluous or meaningless. See Hibbs v. Winn, 542 U.S. 88, 101 (2004); see, e.g., City of Chicago v. Fulton, 141 S. Ct. 585, 591 (2021) (explaining that reading § 362(a)(3) to cover mere retention of property would render § 542 superfluous). But that is what the narrow approach to Rule 3002(c)(6)(A) does. For these reasons, the court will grant Trustee's request to extend the proofs of claim bar date.

The court will enter a separate order in accordance with this opinion.

**Service List**:

Aaron Ridenbaugh
Gibson & Moran, LLC
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44221

Lisa M. Barbacci, Trustee - Canton
PO Box 1299
Medina, OH 44258-1299